J-S56028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN LEWIS BELLOWS | |
| Appellant | No. 1378 MDA 2014 |

Appeal from the PCRA Order July 21, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000159-2010

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:            **FILED NOVEMBER 05, 2015**

Appellant John Lewis Bellows appeals from the order of the Bradford County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act , 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On October 27, 2010, a jury found Appellant guilty of indecent assault (complainant less than 13 years of age).[1]   On January 17, 2011, the trial court sentenced Appellant to 15 months to 5 years' imprisonment. Sentencing Order, 1/17, 2011.  Appellant received credit for the 219 days he previously served.  ***Id.***   The sentence imposed by the trial court did not include probation.  ***Id.***

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

On January 26, 2011, Appellant filed a post-sentence motion for judgment of acquittal, which the trial court denied on March 31, 2011. On April 25, 2012, this Court affirmed. Appellant filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied on December 27, 2012.

On September 6, 2013, Appellant filed a *pro se* PCRA petition, which he subsequently amended.[2] The court held an evidentiary hearing and, on July 21, 2014, it denied the PCRA petition. On August 14, 2014, Appellant timely filed a notice of appeal. The trial court did not request, and Appellant did not file, a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On March 18, 2015, the trial court issued a statement in lieu of a Rule 1925(a) opinion adopting its July 21, 2014 order denying the PCRA petition.

Appellant completed serving his sentence on June 12, 2015.[3]

Appellant raises the following issues for our review:

---

[2] On December 23, 2013, the trial court issued an order noting it held a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa.1998), and finding Appellant knowingly and voluntarily waived his right to counsel during the PCRA proceedings.

[3] On January 17, 2011, the trial court sentenced Appellant to a maximum of five years' imprisonment and ordered that Appellant receive credit for 219 days previously served. Because of the credit for time-served, Appellant began serving his sentence on June 12, 2010 and he completed serving his five-year sentence on June 12, 2015.

1. Whether direct appeal counsel was ineffective for not properly arguing that the finality of a pretrial motion order by the court can not be changed mid-trial. The child was reuled "unavailable" as a witness according to the TYHA (Tender Years Hearsay Act), 42 Pa.C.S. § 5985.1.

2. Whether direct appeal counsel failed and was ineffective for not bringing the claim of a confrontation rights violation, Commpnwealth called the child's preliminary transcript into testimony. They Commonwealth also violated the TYHA statute by not giving notice, by the statute.

3. Whether direct appeal counsel in effectiveness of not raising the claim on direct appeal of the hearsay testimony of Tricia Tietjen proven to be sufficient indicia of reliability for the hearsay exception according to the TYHA statute.

4. Whether the petition has been prejudiced by trial counsels ineffectiveness by the Commonwealth "not" turning over the actual forensic interview of the child instead of a summary interview. Trial counsel failed to request the whole C.Y.S. file of the child. Direct appeal ounsel is ineffective for not claiming these issues on direct appeal.

5. Whether direct appeal counsel has been ineffective for not bringing up trial counsels ineffectiveness on direct appeal, due to the defendants short sentense.

Appellant's Brief at 7-8 (verbatim).

To be eligible for PCRA relief:

[T]he petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

- 3 -

> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1); *accord Commonwealth v. Turner*, 80 A.3d 754 (Pa.2013) (finding § 9543(a)(1) was constitutional and barred review of PCRA petition where petitioner was no longer serving sentence). Accordingly, to be eligible for PCRA relief, the petitioner must be "serving a sentence of imprisonment, probation or parole for the crime.'" *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) (quoting *Commonwealth v. Hart,* 911 A.2d 939, 941-42 (Pa.Super.2006)). A petitioner becomes ineligible for relief upon completion of his sentence, "regardless of whether he was serving his sentence when he filed the petition." *Id.* (quoting *Hart,* 911 A.2d at 941-42).

Appellant completed serving his sentence for the indecent assault conviction on June 12, 2015, while his appeal of the order denying his PCRA petition was pending. Because Appellant completed serving his sentence, he is ineligible for PCRA relief and we will affirm the denial of his PCRA petition.[4]

Order affirmed.

---

[4] This Court may affirm a PCRA court's decision on any grounds. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super.2012) (citing *Commonwealth v. Burkett,* 5 A.3d 1260, 1267 (Pa.Super.2010)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/2015</u>