J-A34044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN STEVEN JOHNSON | |
| Appellant | No. 284 MDA 2015 |

Appeal from the PCRA Order December 23, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001851-2010

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 17, 2016**

Appellant John Steven Johnson appeals from the order of the Luzerne County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On May 2, 2011, Appellant pled guilty to one count of failure to comply with registration of sexual offenders requirements.[1]  On August 30, 2011,[2] the trial court sentenced Appellant to 24 to 48 months' incarceration. Pursuant to the affidavit of probable cause, Appellant moved from 601 South Market Street in Nanticoke, Pennsylvania to 36 East Ridge Street, Apartment

---

[1] 18 Pa.C.S. § 4915, *held unconstitutional by* **Commonwealth v. Neiman**, 84 A.3d 603 (Pa.2013).

[2] Both Appellant and Appellee claim Appellant was sentenced on December 19, 2012.  However, the sentencing order and docket confirm the trial court sentenced Appellant on August 30, 2011.

A, Nanticoke, Pennsylvania and failed to register the new address with the Pennsylvania State Police. Appellant was required to register his address with the state police because he was subject to the lifetime registration requirement of Megan's Law, pursuant to 42 Pa.C.S. § 9795.1(b)(2).

On December 16, 2013, the Supreme Court of Pennsylvania found Act 152 of 2004, which included Megan's Law III, unconstitutional because it violated the single subject rule of Article III, Section 3, of the Pennsylvania Constitution. **Neiman**, 84 A.3d at 616. The Supreme Court struck Act 152 of 2004 in its entirety. The Court noted that "nothing . . . precludes the General Assembly from enacting similar provisions in a manner consistent with the Constitution." **Id.** (quoting **City of Philadelphia v. Commonwealth**, 838 A.2d 566, 594 (Pa.2009)). It found its "decision abrogating the entirety of Act 152 will have a significant impact on a wide variety of individuals and entities which have ordered their affairs in reliance on its provisions." **Id.** The Court stayed the decision for 90 days to allow the General Assembly to "consider appropriate remedial measures, or to allow for a smooth transition period." **Id.**

In March of 2014, the Governor of Pennsylvania signed into law Act 19 of 2014 ("Act 19"). Act 19 had a retroactive effective date of December 20, 2012 and it amended the Sexual Offender Registration and Notification Act (SORNA), which had replaced Megan's Law III. The legislature included in its declaration of policy that "[i]t is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in **Commonwealth v.**

- 2 -

***Neiman***, No. 74 MAP 2011 (Pa.2013), by amending this subchapter in [Act 19]." 42 Pa.C.S. § 9799.11(b)(3).

On May 12, 2014, Appellant filed a PCRA petition seeking to vacate his conviction and sentence, arguing he is serving a sentence for a crime that does not exist. On October 1, 2014, Appellant filed an amended petition. The PCRA court held a hearing on November 12, 2014 and denied the PCRA petition on December 23, 2014, finding it lacked merit.

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[3]

Appellant raises the following issue on appeal:

> Whether the trial court erred in denying [Appellant's] [PCRA petition] where [Appellant] is currently serving a sentence and is incarcerated in violation of the due process clauses of both the Constitution of the United States and the Constitution of Pennsylvania?

Appellant's Brief at 2.

To be eligible for PCRA relief:

> [T]he petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> > (i) currently serving a sentence of imprisonment, probation or parole for the crime;

---

[3] The trial court adopted as its 1925(a) opinion its December 23, 2014 opinion denying and dismissing the PCRA petition.

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1); *accord Commonwealth v. Turner*, 80 A.3d 754 (Pa.2013) (finding § 9543(a)(1) was constitutional and barred review of PCRA petition where petitioner was no longer serving sentence). Accordingly, to be eligible for PCRA relief, the petitioner must be "serving a sentence of imprisonment, probation or parole for the crime.'" *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) (quoting *Commonwealth v. Hart*, 911 A.2d 939, 941-42 (Pa.Super.2006)). A petitioner becomes ineligible for relief upon completion of his sentence, "regardless of whether he was serving his sentence when he filed the petition." *Id.* (quoting *Hart*, 911 A.2d at 941-42).

Appellant completed serving the parole portion of his sentence on August 24, 2015, while his appeal was pending. Order, 1/22/2016. Because Appellant is no longer serving a sentence of imprisonment, probation, or parole for the crime, he is not eligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1).

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016

---

[4] This Court may affirm a PCRA court's decision on any grounds. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super.2012) (citing ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa.Super.2010)).