COMMONWEALTH of Pennsylvania

v.

Dale Edward HART, Appellant.

Superior Court of Pennsylvania.

Submitted July 17, 2006.

Filed Nov. 13, 2006.

Dale E. Hart, appellant, Pro Se.

Stephen G. Downs, Jr., Asst. Dist. Atty., Greensburg, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., TODD and BOWES, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 Dale Edward Hart appeals from the order entered November 23, 2005, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541–9546, on the basis that ap-

pellant was ineligible for relief because he had served his sentence. We affirm.

¶2 On June 10, 2004, after a non-jury trial, the court convicted appellant of summary harassment, 18 Pa.C.S.A. § 2709(a)(1), in connection with an incident which occurred on August 28, 2003. On July 26, 2004, the trial court sentenced appellant to a 90–day term of incarceration. This court affirmed appellant's judgment of sentence on February 11, 2005. *Commonwealth v. Hart*, 873 A.2d 767 (Pa.Super.2005) (unpublished memorandum). Appellant did not seek allowance of appeal.

¶3 On October 17, 2005, appellant filed the instant PCRA petition. The PCRA court did not appoint counsel to represent appellant. Instead, the court gave notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the petition, concluding that it had no jurisdiction because appellant has already served his sentence for the summary harassment conviction in full. The PCRA court dismissed the petition on November 23, 2005. This timely appeal followed.

¶4 On appeal, appellant raises two issues: 1) whether the PCRA court erred in failing to appoint counsel to represent appellant in litigating this PCRA petition, which is the first PCRA petition he has filed, and 2) whether the PCRA court erred in dismissing the PCRA petition for lack of jurisdiction where appellant faces "collateral consequences" because of the summary conviction.

■ ¶5 Before proceeding to the substantive merits of the issues raised on appeal, it is necessary to address the trial court's contention that the issues are waived for failing to comply with its directive that appellant file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). (Trial court opinion, 1/19/06 at 1.) The record reflects that on January 3, 2006, appellant was directed to file a Rule 1925(b) statement within 14 days. Apparently, none was ever filed. Ordinarily, such an omission would be fatal, because failure to timely comply when ordered by the trial court to file a 1925(b) statement results in automatic waiver. *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771 (2005); *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). However, we decline to find waiver in the instant case because it appears that appellant was not properly served with the trial court's order.

¶6 Pennsylvania Rule of Criminal Procedure 114 provides that the clerk of courts shall promptly serve a copy of any order or court notice on each party's attorney, or the party if unrepresented. Pa.R.Crim.P. 114(B)(1)(2). Appellant is unrepresented. The rules provide that where a party is unrepresented, service shall be in writing by sending a copy of the order by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement. Pa.R.Crim.P. 114(B)(3)(a)(v). A docket entry shall promptly be made containing the date and manner of service of the order. Pa.R.Crim.P. 114(C).

¶7 Here, the docket entry for the trial court's order of January 3, 2006, directing appellant to file a Rule 1925(b) statement within 14 days, reflects that a copy of the order was hand delivered to the public defender's office. At the time, appellant was unrepresented and confined at SCI–Greensburg. The docket does not indicate that a copy of the order was mailed to appellant at his prison address.

¶8 The trial court's January 3, 2006 order does indicate that a copy was sent to appellant at SCI–Greensburg by the court. However, this is of no moment because it is the exclusive duty of the clerk of courts

to provide a defendant with a copy of the court order. *Commonwealth v. Parks,* 768 A.2d 1168, 1172 (Pa.Super.2001), citing *Commonwealth v. Baker,* 547 Pa. 214, 690 A.2d 164 (1997). Appellant was not properly served, by the clerk of courts, a copy of the trial court's order requiring him to file a Rule 1925(b) statement; therefore, we decline to find appellant's issues waived. *Parks, supra* at 1171–1172 (noncompliance with Rule 1925 excused where there was nothing to suggest that appellant was properly provided by the clerk of courts, in a timely fashion, a copy of the trial court's order; failure to comply therewith due to a "breakdown of the court system"), citing *Commonwealth v. Phinn,* 761 A.2d 176, 178 (Pa.Super.2000), *appeal denied,* 567 Pa. 712, 785 A.2d 89 (2001). Therefore, we will now proceed to the merits of appellant's claims on appeal.

■ ¶ 9 This court's standard of reviewing an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error. *Commonwealth v. Halley,* 582 Pa. 164, 169 n. 2, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or

from other evidence. *Commonwealth v. Jordan,* 772 A.2d 1011, 1014 (Pa.Super.2001) (citation omitted).

■ ¶ 10 Appellant was sentenced on July 26, 2004, to serve a term of incarceration of 90 days. Thus, the PCRA court found that, when appellant filed his PCRA petition on October 17, 2005, he was no longer serving the sentence at the above docket number.[1] Appellant does not dispute this factual finding by the PCRA court, but he suggests that the conviction has an impact on other sentences he is currently serving. Specifically, appellant avers that following his arrest and conviction for summary harassment, his probation on another case was revoked and he was re-sentenced to five to ten years' incarceration. (Appellant's brief at 14.) Relying on *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), appellant contends, *inter alia,* that the United States Supreme Court has "left open the question of whether a conviction[,] for which the sentence has been served[,] may be subject to challenge in an attack upon a subsequent conviction that the expired sentence was used to enhance." (Appellant's brief at 15.)

¶ 11 Appellant's argument overlooks the case law decided by the Pennsylvania Supreme Court concerning the eligibility of a petitioner under the PCRA for post-conviction collateral relief pursuant to that statute.[2] Our supreme court has held that, to be eligible for relief under the

---

1. In fact, in his *pro se* PCRA petition, appellant admits that he has served the sentence imposed. (PCRA petition filed 10/17/05 at 2; Docket No. 39.)

2. Appellant also misapprehends the Court's holding in *Maleng, supra.* The Court specifically held that the petitioner *could not* bring a federal *habeas* petition challenging a conviction whose sentence had fully expired at the time his petition was filed; this was true even

though that conviction had been used to enhance the length of a current or future sentence imposed for a subsequent conviction, because the petitioner was no longer "in custody." *Id.* at 490–492, 109 S.Ct. 1923. The Court did, however, hold that a petitioner could challenge a state sentence he had *not yet begun serving,* while on detainer in federal prison. *Id.* at 493–494, 109 S.Ct. 1923. Obviously, that is not this case.

PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. *Commonwealth v. Ahlborn,* 548 Pa. 544, 548, 699 A.2d 718, 720 (1997); *Commonwealth v. Matin,* 832 A.2d 1141, 1143 (Pa.Super.2003), *appeal denied,* 577 Pa. 678, 843 A.2d 1237 (2004). In addition, this court determined in *Commonwealth v. Fisher,* 703 A.2d 714 (Pa.Super.1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. *Id.* at 716 (citations omitted).

■ ¶ 12 Moreover, appellant asserts that Rule 904 of the Pennsylvania Rules of Criminal Procedure required the PCRA court to appoint counsel to represent him in his first petition. The Commonwealth agrees, stating that it was error to dismiss appellant's petition without appointing counsel despite its facially untimely filing, as an indigent prisoner filing his first PCRA petition has an absolute right to counsel in attempting to establish that one or more exceptions to the one-year statutory time bar applies. (Commonwealth's brief at 1.) We disagree. Although it is axiomatic that a first-time PCRA petitioner is entitled to assistance of counsel, regardless of whether or not the petition is timely on its face, the failure to appoint counsel is not reversible error where the petitioner's sentence has expired.

■ ¶ 13 This court has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance. *See Commonwealth*

*v. Auchmuty,* 799 A.2d 823, 826–827 (Pa.Super.2002). The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act. *Id.* at 827, citing *Commonwealth v. Myers,* 485 Pa. 519, 524, 403 A.2d 85, 87 (1979).

¶ 14 We therefore hold that the PCRA court correctly concluded appellant was ineligible for relief, and the court properly dismissed the petition on that basis.

¶ 15 Order affirmed.