J-S78004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIMON GILL | |
| Appellant | No. 1120 MDA 2014 |

Appeal from the PCRA Order June 13, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004044-1996

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 08, 2014**

Appellant, Simon Gill, appeals from the order entered in the Berks County Court of Common Pleas, dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant is a Dominican Republic native who attacked another individual with a two-by-four.  On January 29, 1997, Appellant pled guilty to aggravated assault.  That same day, the court sentenced Appellant to one (1) to three (3) years' imprisonment.  Appellant did not seek direct review.  Appellant served his sentence and was subsequently deported, but he illegally re-entered the country.

On January 6, 2014, Appellant filed a *pro se* motion to vacate the guilty plea.  In it, Appellant argued plea counsel had erroneously advised

him that entering the guilty plea would not have any immigration consequences. On February 24, 2014, Appellant submitted another *pro se* filing, which included his medical records from the night of the assault. Appellant relied on the medical records to establish "he was not the aggressor in the instant case and only pleaded guilty based on counsel's [incorrect] advice." (*Pro Se* Filing, filed 2/24/14, at 1). The court treated the filings as a PCRA petition and appointed counsel, who filed a motion to withdraw and "no-merit" letter. On May 21, 2014, the court permitted counsel to withdraw and issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. On June 13, 2014, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on July 7, 2014. On July 9, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant complied.

To be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as a petitioner's sentence is completed, he becomes ineligible for PCRA relief. **Commonwealth v. Hart**, 911 A.2d 939 (Pa.Super. 2006). Instantly, Appellant admits he has completed his sentence for the underlying crime. (**See** *Pro Se* PCRA Petition, filed 1/6/14, at 4; Appellant's Brief at 2.) Pursuant to Section 9543(a)(1)(i), Appellant is ineligible for relief under the PCRA. On this basis alone, the court properly

dismissed Appellant's petition.[1]

Order affirmed.

_____

[1] Appellant has also filed a separate application for remand, which raises identical arguments to those set forth in his appellate brief. Consequently, we deny Appellant's application for remand.