J-S44019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS WINELAND, II | |
| Appellant | No. 1987 WDA 2014 |

Appeal from the Judgment of Sentence entered October 14, 2011
In the Court of Common Pleas of Blair County
Criminal Division at No: CP-07-CR-0002559-2006

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 28, 2015**

Appellant Thomas Wineland, II appeals from the judgment of sentence[1] entered in the Court of Common Pleas of Blair County (trial court), following revocation of his probation.  Upon review, we dismiss the appeal.

The facts and procedural history underlying this appeal are uncontested.  As summarized by the trial court:

> On February 12, 2007, [Appellant] pled guilty to one count of burglary, 18 Pa.C.S.A. § 3502(a) and one count of receiving stolen property, 18 Pa.C.S.A. § 3925(a).  While he was on parole/probation, [Appellant] was arrested.  As a result,

---

[1] Appellant purports to appeal from the November 12, 2014 order reinstating *nunc pro tunc* Appellant's direct appeal rights with respect to **docket number 2559 of 2006** only.  We have changed the caption to reflect that his appeal properly lies from his judgment of sentence.  ***See Commonwealth v. Dreves***, 839 A.2d 1122, 1122 n.1 (Pa. Super. 2003) (*en banc*).

[Appellant] came before the [c]ourt for a **Gagnon II**[2] proceeding. At the **Gagnon II** on October 14, 2011, [Appellant's] probation was revoked and he was resentenced to a period of two and a half (2½) to five (5) years['] incarceration [on docket number 1680 of 2006], consecutive to the sentence he was serving as a result of his new arrest.

[Appellant] filed a Petition for Post-Conviction Collateral Relief (PCRA) on April 15, 2014. Counsel was appointed. After a conference with the [c]ourt, the Commonwealth agreed that [Appellant's] appeal right should be reinstated.

Trial Court Opinion, 2/17/14, at 1. With his direct appeal rights reinstated, Appellant appealed the October 14, 2011 judgment of sentence to this Court on December 2, 2014, challenging the discretionary aspects of his sentence at docket number 2559 of 2006.

On appeal, Appellant argues only that the trial court "abused its discretion when it sentenced [Appellant] to serve his two and one-half (2½) to five (5) years **Gagnon II** sentence [**at docket number 2559 of 2006**] consecutive to the seven (7) to fifteen (15) year sentence at 2009 CR 1836[.]" Appellant's Brief at 4.

_____

[2] In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before a parole or probation may be revoked:

[A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

**Id.** at 781-82.

Before we may address the merits, we must determine whether the trial court had jurisdiction to restore Appellant's direct appeal rights *nunc pro tunc* at docket number 2559 of 2006. Here, our review of the record indicates that the trial court granted Appellant PCRA relief only with respect to docket number 2559 of 2006, and **not** docket number 1680 of 2006, which is not on appeal before us. **See** Trial Court Order, 11/12/14. Specifically, the trial court reinstated, *nunc pro tunc*, direct appeal rights on docket number 2559 of 2006. **Id.**

The record, however, indicates that Appellant's PCRA petition was untimely and, as a result, the trial court lacked jurisdiction to grant the requested *nunc pro tunc* relief. The record here reveals that Appellant already had finished serving his sentence of probation at docket number 2559 of 2006 as of October 14, 2011. Indeed, in its sentencing order following the **Gagnon II** hearing, the trial court stated that Appellant's case at docket number 2559 of 2006 was "terminated." Trial Court Order, 10/14/11. Because Appellant sought PCRA relief for a sentence he was no longer serving at docket number 2559 of 2006, the trial court erred in reinstating, *nunc pro tunc*, his direct appeal rights with respect to that docket.

In **Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997), our Supreme Court determined that a petitioner who finished serving his sentence is ineligible for PCRA relief. **Ahlborn**, 699 A.2d at 720. Particularly, the Court explained:

> The denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the [PCRA]. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

*Id.* at 720 (emphasis in original); *see also Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."). Accordingly, we must vacate the trial court's November 12, 2014 order, reinstating Appellant's direct appeal rights *nunc pro tunc* for docket number 2559 of 2006.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2015

- 4 -