J-S50044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: KASHIF ROBERTSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: KASHIF ROBERTSON | |
| | No. 1535 MDA 2015 |

Appeal from the Order Entered August 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-MD-0000771-2015

BEFORE:  STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 23, 2016**

Appellant, Kashif Robertson, appeals *pro se* from the order denying his motion for arrest of judgment and/or appeal *nunc pro tunc*.  Upon review, we vacate and remand for further proceedings.

Appellant's motion alleged the following facts:  On September 11, 2008, Appellant was cited for violating a Harrisburg ordinance by playing loud noise on his car stereo.  He claims to have responded to the citation by pleading not guilty and requesting a trial, though the relevant Magisterial District docket contains no notation of that plea.  On August 6, 2010, a Magisterial District Justice (MDJ) issued a bench warrant for Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

arrest,[1] and on April 7, 2012, Appellant was arrested on that outstanding bench warrant. Motion for Arrest of Judgment and/or Appeal *Nunc Pro Tunc*, 5/22/15, at 2.

The Magisterial District docket states that Appellant was released on April 18, 2012 after a guilty plea was entered on his behalf. The docket also states that Appellant was not present when the guilty plea was entered. It is unclear why Appellant would have been released from custody without first being brought before the MDJ for entry of the plea and disposition of the charges against him. Appellant claims he received no notice of entry of the plea and that he would have challenged the legality of the arrest warrant if he had received notice.

Appellant filed in the Court of Common Pleas of Dauphin County a motion for arrest of judgment and/or appeal *nunc pro tunc* in which he also sought to proceed *in forma pauperis*. This motion was denied in an August 10, 2015, order stating that the motion was moot. The order explained:

> Magistrate District Judge George A. Zozos entered on April 18, 2015 that the "Penalty Satisfied." No monies are neither due, nor do active warrants exist. The Bench Warrant was returned served on April 7, 2012; as such the Bench Warrant was served upon the defendant and completed.

Order, 8/10/15.

_____

[1] At the time the bench warrant was issued, Appellant was incarcerated on a separate matter, the nature of which is not disclosed in the record. He was paroled on that matter in 2011.

- 2 -

On August 21, 2015, Appellant filed a timely appeal from the trial court's August 10, 2015 order. The trial court then issued an order, dated September 28, 2015, and docketed October 2, 2015, directing Appellant to file a concise statement of matters complained of on appeal within twenty-one days of the date of entry of the order on the docket. 1925(b) Order, 10/2/15. As explained below, Appellant did not file a Rule 1925 statement.

On November 6, 2015, the trial court issued an opinion, which in its entirety states as follows:

> [Appellant] appeals the Trial Court's Order of August 10, 2015 which denied [Appellant's] Motion for *In Forma Pauperis* and the Motion for Arrest of Judgment.
>
> As set forth in our August 10, 2015 Order, [Appellant's] requests for relief relate to a case before Magisterial District Judge George A. Zozos at Docket Number MJ-12105-NT-002038-2008. That docket reflects that on April 18, 2015, MJD Zozos entered an Order which reflected "Penalty Satisfied. No monies due nor do active warrants exist." The record further reflects that a bench warrant was served upon [Appellant] and completed. Accordingly, we ruled that [Appellant's] claim for Motion for Arrest of Judgment of Kashif Robertson was moot, and we denied *in forma pauperis* status.
>
> [Appellant] filed a Notice of Appeal on August 21, 2015. We directed the filing of a Concise Statement of Matters Complained of on Appeal on September 28, 2015. [Appellant] has filed no Concise Statement. Accordingly, claims or issues related to this court's August 10, 2015 Order are waived.

Trial Court Opinion, 11/6/15, at 1.

On December 7, 2015, Appellant filed an application for leave to file his Pa.R.A.P. 1925(b) statement *nunc pro tunc*. The application explained that he had filed a change of address with the Dauphin County Clerk of Courts on September 20, 2015, and never received at his new address the October 2, 2015 order directing his compliance with Pa.R.A.P. 1925(b).

On January 12, 2016, the trial court denied Appellant's application for leave to file his Rule 1925(b) statement *nunc pro tunc*, stating in its order that it had already filed an opinion in the matter "which addresses the merits without need for a 1925 statement." Order, 1/12/16 (referencing the November 6, 2015, opinion). Notwithstanding the trial court's order, Appellant filed a Rule 1925(b) statement on January 12, 2015.

On appeal to this Court, Appellant presents a single issue for our review, as stated:

> DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR ARREST OF JUDGMENT AND OR APPEAL NUNC PRO TUNC UNDER 42 PA.CONS.STAT.SEC 5504(B) AS MOOT WHERE THE MAGISTERIAL DISTRICT JUSTICE COMMITTED FRAUD OR ITS EQUIVALENT BY INVALIDLY ISSUING A BENCH WARRANT FOR APPELLANT ABSENT THE REQUIRED NOTICE, HOLDING A HEARING IN ABSENTIA AND ENTERING A UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA ON HIS BEHALF ALTHOUGH AT THE TIME HE WAS IN THE CUSTODY OF [THE] DAUPHIN COUNTY PRISON, AND DENYING APPELLANT ANY NOTICE OF THAT COURT'S ACTION AND HOW TO PERFECT AN APPEAL OF THAT DECISION WHICH COLLATERALLY RESULTED IN HIS CONVICTION AT 2526 CR 2012, IN DAUPHIN COUNTY?

Appellant's Brief at 3.

Initially, we note that our review of the certified record confirms Appellant's claim that on September 21, 2015, he filed correspondence with the Dauphin County Clerk of Courts advising of his address change effective September 20, 2015, from incarceration at SCI Houtzdale to his residential address in Harrisburg. This filing specifically states that Appellant "was anticipating [the trial court] to issue a 1925(b) order . . . [and] to please forward a copy of the order to the below listed address." Letter, 9/21/15.

Review of the record establishes that this did not happen. The record includes the trial court's October 2, 2015 order directing Rule 1925(b) compliance, which states at the bottom of the page that it was mailed to Appellant at 209 Institution Drive, Houtzdale, PA. Order, 10/2/15. This was the former address for Appellant while he was incarcerated, not the residence he provided in his September 21, 2015 correspondence to the court. Accordingly, the record supports Appellant's account of his attempts to comply with Pa.R.A.P. 1925(b). As such, we cannot agree with the trial court that Appellant waived his claims for failure to comply with Pa.R.A.P. 1925(b). **See generally Commonwealth v. Hart**, 911 A.2d 939, 940-41 (Pa. Super. 2006).

On the merits, Appellant contends that he "was never produced at the hearing held in this matter on April 18, 2012 before [the MDJ], as required . . . as he was in the custody of [D]auphin [C]ounty [P]rison at the time of the hearing and was not produced at the hearing as required by county

rule." Appellant's Brief at 8. He adds that he "was continuously incarcerated since the date of his arrest for the summary warrant issued, and was denied personally from obtaining any information from the District Justice's office after many ignored requests." *Id.* He also maintains that he did not learn about the disposition of this matter as a non-present guilty plea by the MDJ until May 4, 2015, when he received the docket statement from his mother via U.S. Mail. *Id.* at 7-8.

The docket entries in the certified record confirm that at MJ-12105-NT-00020238-2008, Appellant was cited on September 11, 2008, pursuant to local ordinance § 3-343 §§ 10 1, for "noise prohibited, loud stereo to disturb." The docket also indicates that Appellant was "case confined" in the Dauphin County Prison on this offense from April 7, 2012 through April 18, 2012 for "failure to post collateral," and that a guilty plea was entered to the charge on April 18, 2012. As noted, the docket's "Disposition/Sentencing Details" section also confirms that Appellant was not present for this disposition, although it is unclear why he could not be produced to enter a plea prior to his apparent release from custody on that same day.[2] In his appeal, Appellant argues that he had a right to be present and that he would have contested his guilt if he were present.

_____

[2] Our confusion about what happened is compounded by the Commonwealth's failure to file a Brief for Appellee, in violation of the Rules of Appellate Procedure.

Given the foregoing, we are constrained to vacate the order denying Appellant's motion for arrest of judgment and to remand this case to the trial court for further proceedings and for clarification of what happened on April 18, 2012. Although the trial court stated in its November 6, 2015 opinion that it denied Appellant's motion for arrest of judgment because the bench warrant was "completed" and Appellant's claim was "moot," it is Appellant's apparent contention that he never intended to plead guilty and that the plea improperly was entered for him without his knowledge or consent. If that is correct, then the judgment against him is not moot, even though Appellant has no further penalty to satisfy under the MDJ's disposition. The trial court did not address Appellant's claims relative to his plea before the MDJ or Appellant's request for a *nunc pro tunc* appeal from that disposition. Accordingly, we remand for further proceedings in accordance with this memorandum.

Order vacated and case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016

- 7 -