J-S64013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLINTON DUNN | |
| Appellant | No. 543 EDA 2016 |

Appeal from the PCRA Order January 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009554-2009

BEFORE: STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 13, 2016**

Appellant, Clinton Dunn, appeals *pro se* from the January 29, 2016 order entered in the Court of Common Pleas of Philadelphia County ("PCRA court"), denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural background of this matter as follows.

> On March 14, 2011, [Appellant] voluntarily, intelligently, and knowingly entered a negotiated guilty plea to the charges of Unlawful Contact with a Minor (F1), Statutory Sexual Assault (F2), Incest (F2), and Corruption of Minors (M1) on bill of information CP-51-CR-0009554-2009. Following the plea, [the PCRA court] imposed the negotiated sentence of 2.5-5 years of incarceration on the Corruption of Minors charge and deferred the remainder of sentencing until October 14, 2011 for the completion of the report by the Sexual Offenders Assessment Board. On

_____

[*] Former Justice specially assigned to the Superior Court.

October 14, 2011, [the PCRA court] found [Appellant] to be a sexually violent predator and subsequently imposed the negotiated aggregate sentence of 17.5-50 years of incarceration.

On March 28, 2013, [Appellant] filed an untimely PCRA petition. PCRA counsel was appointed and, on June 10, 2014, counsel filed a *Finley* Letter. The matter was first listed before [the PCRA] court for decision on July 30, 2014. On July 31, 2014, following a review of the record, [the PCRA] court sent [Appellant] a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). [The PCRA] court did not receive any response to the 907 Notice and on September 26, 2014, [the PCRA] court dismissed the PCRA petition.

On December 5, 2014, December 10, 2014, and June 24, 2015, respectively, [Appellant] filed three additional untimely PCRA petitions. On December 4, 2015, following a review of the record, [the PCRA] court sent [Appellant] a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). [The PCRA] court received [Appellant's] response to the 907 Notice on December 16, 2015. On January 29, 2016, [the PCRA] court dismissed the PCRA petition.

PCRA Court Opinion, 1/29/2016, at 1-2.

Appellant filed the instant appeal on February 9, 2016. In lieu of directing Appellant to file a concise statement of matters complained of on appeal, the PCRA court issued an opinion on February 22, 2016.

On appeal, Appellant raises one issue, "did the [PCRA] court error in failing to apply one of the timely exceptions enunciated in 42 Pa.C.S.A. § 9545(b)(i-iii) on the grounds that an unconstitutional guilty plea/sentence cannot be enforced under a republic form of government (constitutional)." Appellant's Brief at 2.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA

petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted).

The PCRA provides for three exceptions to the timeliness requirement of filing within one year of the date the judgment becomes final. The exceptions are

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively;

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

While Appellant's issue is the trial court's purported failure to apply a timeliness exception to the PCRA, Appellant fails to develop this argument in

- 3 -

his brief, rather he discusses the merits of his underlying claims. Appellant did not file a direct appeal of the judgment of sentence entered in this matter; therefore, his judgment became final on November 13, 2011. Appellant's petition is clearly untimely and he has not plead, nor argued in his brief that any of the exceptions apply. Because Appellant addressed only the merits of the petition, but not its timeliness, we conclude Appellant's petition is untimely.[1] We direct that a copy of the PCRA court's January 29, 2016 opinion be filed along with this Memorandum.

Order affirmed. Motions for leave to supplement the record denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

---

[1] Appellant filed a motion for leave to supplement the record on July 22, 2016, and November 14, 2016. These motions are hereby denied.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**TRIAL DIVISION – CRIMINAL SECTION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| v. | : | CP-51-CR-0009554-2009 |
| | : | |
| CLINTON DUNN | : | |

## OPINION

This Opinion is written in support of this court's January 29, 2016 dismissal of Clinton Dunn's PCRA petition.

## PROCEDURAL HISTORY

On March 14, 2011, petitioner Clinton Dunn ("Dunn") voluntarily, intelligently, and knowingly entered a negotiated guilty plea to the charges of Unlawful Contact with a Minor (F1), Statutory Sexual Assault (F2), Incest (F2), and Corruption of Minors (M1) on bill of information CP-51-CR-0009554-2009. Following the plea, this court imposed the negotiated sentence of 2.5–5 years of incarceration on the Corruption of Minors charge and deferred the remainder of sentencing until October 14, 2011 for the completion of a report by the Sexual Offenders Assessment Board. On October 14, 2011, this court found Dunn to be a sexually violent predator and subsequently imposed the negotiated aggregate sentence of 17.5–50 years of incarceration.

On March 28, 2013, Dunn filed an untimely PCRA petition. PCRA counsel was appointed and, on June 10, 2014, counsel filed a *Finley*[1] Letter. The matter was first listed

---

[1] *Com. v. Finley*, 550 A.2d 213, 215 (Pa. Super. 1988).

before this court for decision on July 30, 2014. On July 31, 2014, following a review of the record, this court sent Dunn a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). This court did not receive any response to the 907 Notice and on September 26, 2014 this court dismissed the PCRA petition.

On December 5, 2014, December 10, 2014, and June 24, 2015, respectively, Dunn filed three additional untimely PCRA petitions. On December 4, 2015, following a review of the record, this court sent Dunn a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). This court received Dunn's response to the 907 Notice on December 16, 2015. On January 29, 2016, this court dismissed the PCRA petition.

## DISCUSSION

The standard applied when reviewing an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error.[2] The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to plenary review.[3] The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.[4]

Pursuant to 42 Pa.C.S. 9545(b), a PCRA petition, including second and subsequent petitions, must be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that his claim(s) fall under any of the three enumerated exceptions to the one year requirement. These exceptions are interference by government officials[5], facts unknown and not discoverable by due diligence[6], and newly

---

[2] *Com. v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006).
[3] *Com. v. Hawkins*, 894 A.2d 716, 722 (Pa. 2006).
[4] *Com. v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006).
[5] 42 Pa.C.S. 9545(b)(1)(i).
[6] 42 Pa.C.S. 9545(b)(1)(ii).

recognized constitutional rights that apply retroactively[7]. A petition claiming one of these exceptions must be filed within sixty (60) days of the time the claim could have been presented.[8] Further, the Pennsylvania Supreme Court set forth in *Commonwealth v. Fahy*[9] that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."[10]

In the instant matter, Dunn's judgment became final on November 13, 2011, thirty (30) days after this court imposed sentence; thus, the deadline for a PCRA petition was November 13, 2012. Dunn did not file filed the instant PCRA petitions until December 5, 2014, December 10, 2014, and June 24, 2015, respectively. Based upon this court's independent review of the record, this court concludes that Dunn's petitions are untimely filed and do not warrant relief under any of the enumerated exceptions to the one year filing requirement. Additionally, Dunn's supplemental averment of an unintelligent, unknowing, and involuntary plea, as set forth in his Response to the 907 Notice, does not warrant relief under any of the enumerated exceptions to the one year filing requirement.

## CONCLUSION

Based upon this court's independent review of the record, this court concludes that Dunn's petitions are untimely filed and thus, he is not eligible for post-conviction relief.

_____
Carpenter, J.

---

[7] 42 Pa.C.S. 9545(b)(1)(iii).
[8] 42 Pa.C.S. 9545(b)(2).
[9] 714 A.2d 214 (Pa. 1999).
[10] *Id.* at 223.

First Judicial District of Pennsylvania
Honorable Linda A. Carpenter
1418 Criminal Justice Center
1301 Filbert Street
Philadelphia, PA 19107

Commonwealth v. Clinton Dunn
CP-51-CR-0009554-2009

Date: January 29, 2016

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Defense Counsel/Party:  Clinton Dunn
JY-3620
SCI–Benner Township
301 Institution Drive
Bellefonte, PA 17932

Type of Service: ( ) Personal  ( X ) First Class Mail  ( ) Other, please specify: _____

District Attorney:  Robin Godfrey, Esq.
District Attorney's Office
Three South Penn Square
Philadelphia, PA  19107

Type of Service: ( ) Personal  ( X ) First Class Mail  ( ) Other, please specify: _____

_____
Janet Brinkman