J-S30044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CONLEY LEON ROBINSON, | : | |
| | : | |
| Appellant | : | No. 1126 MDA 2016 |

Appeal from the Order entered June 20, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0002729-1986;
CP-22-CR-0002735-1986

BEFORE: SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 29, 2017**

Conley Leon Robinson ("Robinson"), *pro se*, appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 3, 1986, Robinson was arrested and charged with two counts of robbery and three related offenses. On March 15, 1988, Robinson pled guilty to two counts of robbery and the related offenses. The trial court

---

[1] Here, Robinson filed a "Motion to Grant Time Served/Vacate Sentence." It is well-settled that any motion filed after the judgement of sentence becomes final will be treated as a petition filed pursuant to the PCRA. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011). Indeed, "[the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. In his Motion, Robinson raises a challenge to the legality of his sentence. Because Robinson filed his Motion after his judgment of sentence became final, and the PCRA provides a remedy for his claims, the Motion is properly treated as a PCRA Petition.

imposed an aggregate prison sentence of ten to twenty years.[2]  Robinson did not file a direct appeal.

On June 6, 2016, Robinson filed the instant Petition.  On June 20, 2016, the PCRA court denied the Petition.  Robinson filed a timely Notice of Appeal and a court ordered Pa.R.A.P. 1925(b) Concise Statement.

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of the record.  We will not disturb a PCRA court's ruling if it is supported by the evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his Petition, Robinson indicates that the sentence in question has expired.  PCRA Petition, 6/6/16, at 1.  It is well-settled that to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]"  42 Pa.C.S.A. § 9543(a)(1)(i); *see also Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006).  Here, Robinson would have finished serving his aggregate prison sentence of ten to twenty years, at the latest, in 2008.  Thus, Robinson would not be eligible for relief under the PCRA.  *See* 42 Pa.C.S.A. § 9543(a)(1)(i).

---

[2] The record includes an Order dated November 16, 1988, which grants Robinson credit for time served from November 3, 1986, to March 15, 1988.

However, even if Robinson is currently in prison, his Petition is facially untimely under the PCRA and he did not plead and prove any timeliness exceptions under the PCRA, *see* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017

---

[3] Here, Robinson claims that his sentence is illegal based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court of the United States held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of a violent felony was unconstitutional. *See Johnson*, 135 S. Ct. at 2557, 2563. However, Robinson was not sentenced under the ACCA, and is therefore not entitled to relief under *Johnson*.