J-S58045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK OKEY | : | |
| | : | |
| Appellant | : | No. 531 MDA 2017 |

Appeal from the PCRA Order October 21, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004710-2008

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:            **FILED OCTOBER 10, 2017**

Appellant, Patrick Okey, appeals *pro se* from the order entered in the York County Court of Common Pleas, which dismissed as untimely his serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On January 22, 2009, a jury convicted Appellant of luring a child into a motor vehicle and stalking ("2009 convictions"). The court sentenced Appellant on April 27, 2009, to 364 to 728 days' imprisonment, and imposed sex offender registration requirements under Megan's Law. This Court affirmed the judgment of sentence on May 6, 2010. *See Commonwealth v. Okey*, 4 A.3d 185 (Pa.Super. 2010). Appellant sought no further review. From 2013 to 2014, Appellant unsuccessfully litigated two petitions for collateral relief.

Appellant filed the current petition for collateral relief *pro se* on

September 13, 2016, seeking to collaterally challenge his 2009 convictions. The court treated the filing as a PCRA petition and issued Rule 907 notice.[1] Appellant responded *pro se* on October 18, 2016, and the court denied PCRA relief on October 21, 2016. Appellant timely filed a notice of appeal on November 14, 2016.[2] On March 28, 2017, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied.

Preliminarily, any petition for collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within

---

[1] Appellant concedes he is no longer serving a sentence for his 2009 convictions. Nevertheless, Appellant argues he is entitled to relief because his 2009 convictions "enhanced" his current sentence for his conviction of failure to comply with sex offender registration requirements at CP-25-CR-0000601-2015. (**See** Appellant's *Pro Se* Response to Rule 907 Notice at 2).

[2] Appellant filed *pro se* correspondence with the court on November 14, 2016, which it construed as a timely notice of appeal but failed to docket it. On March 7, 2017, this Court issued a judgment order that directed the court to docket Appellant's November 14, 2016 correspondence as a timely notice of appeal. **See Commonwealth v. Okey**, 2017 WL 897824 (Pa.Super. 2017). The court complied on March 20, 2017.

one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the exception could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). Further, to be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). When his supervision ends, the petitioner is no longer eligible for PCRA relief. **Commonwealth v. Ahlborn**, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997). This principle is true regardless of the collateral consequences of the petitioner's sentence. **Commonwealth v. Hart**, 911 A.2d 939 (Pa.Super. 2006).

Instantly, Appellant sought to establish "newly discovered evidence," and claimed, *inter alia*, that Bridgette King could exonerate Appellant of his 2009 convictions. Thus, the court properly treated Appellant's most recent filing as a PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining claims of after-discovered exculpatory evidence are cognizable under PCRA); **Peterkin, supra**. Nevertheless, Appellant's judgment of sentence became

final on or about June 7, 2010, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113. Appellant filed the current *pro se* petition on September 13, 2016, which is patently untimely and fails to satisfy any of the exceptions to the PCRA statutory time-bar.[3] Finally, the plain statutory language of Section 9543(a)(1)(i) makes clear Appellant is ineligible for PCRA relief, as he is no longer serving a sentence for his 2009 convictions. **See Ahlborn, supra**; **Hart, supra**. Therefore, the PCRA court properly dismissed Appellant's petition. Accordingly, we affirm.

_____

[3] Regarding the "new facts" exception to the statutory time-bar per Section 9545(b)(1)(ii), Appellant claims Ms. King could exonerate Appellant of his 2009 convictions. The record belies Appellant's contentions and makes clear Ms. King made incriminating statements against Appellant at his 2009 jury trial. (**See** N.T., 1/22/09, at 98-112). Appellant attempts to invoke the "government interference" exception at Section 9545(b)(1)(i) for the first time in his appellate brief, so this claim is waived. **See** 42 Pa.C.S.A. § 9544(b); **Commonwealth v. Bond**, 572 Pa. 588, 819 A.2d 33 (2002) (explaining failure to raise issue before PCRA court deems claim presented waived). Additionally, Appellant's ineffectiveness of trial counsel and PCRA counsel claims do not qualify as exceptions to the statutory timeliness requirement. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000) (holding ineffectiveness of counsel claims generally do not constitute exceptions to PCRA time requirements).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2017