J-S70011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL PACHECO-MORALES | : | |
| | : | |
| Appellant | : | No. 1079 MDA 2017 |

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000385-2002,
CP-67-CR-0000586-1997, CP-67-CR-0001947-1998,
CP-67-CR-0004350-1996

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 14, 2017**

Appellant, Daniel Pacheco-Morales, appeals *pro se* from the order entered in the York County Court of Common Pleas, which dismissed his first petition for collateral relief (labeled a petition for writ of *coram nobis*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On October 21, 1996, Appellant entered a guilty plea at docket CP-67-CR-0004350-1996, to possession with intent to deliver a controlled substance ("PWID") and conspiracy.  The court sentenced Appellant on February 12, 1997, to an aggregate term of 6 to 18 months' imprisonment.  On May 21, 1997, Appellant entered a guilty plea at docket CP-67-CR-000586-1997, to PWID and conspiracy.  The court sentenced Appellant at that docket on June 30, 1997, to an aggregate term of 11½ to 23 months' imprisonment,

concurrent to the sentence at docket No. 4350-1996. On June 18, 1998, Appellant entered a guilty plea to PWID at docket CP-67-CR-0001947-1998. The court sentenced Appellant that day to 15 to 30 months' imprisonment. On June 6, 2007, a jury convicted Appellant of PWID, at docket CP-67-CR-0000385-2002. The court sentenced Appellant at that docket on July 18, 2007, to 24 to 48 months' imprisonment. On November 4, 2016, Appellant filed a *pro se* petition for writ of *coram nobis*, challenging his convictions and/or sentences at all of these dockets. The court treated Appellant's filing as a PCRA petition, and denied relief by order dated February 28, 2017, and entered March 1, 2017. Appellant timely filed a *pro se* notice of appeal on March 27, 2017. That same date, Appellant also filed a motion for appointment of counsel in the PCRA court; the court did not rule on the motion. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). Additionally, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole **for the conviction at issue** to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). *See also Commonwealth v. Williams*, 977 A.2d 1174

(Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining petitioner must be serving sentence of imprisonment, probation, or parole for crime at issue to be eligible for PCRA relief; once sentence is completed, petitioner is ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed petition). Further:

> This [C]ourt has held that the failure to appoint counsel for a [first-time] petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance. The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act.

*Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa.Super. 2006) (internal citations omitted).

Instantly, Appellant filed his first *pro se* petition for collateral relief on November 4, 2016, which he labeled a petition for writ of *coram nobis*. In his petition, Appellant challenged the validity of his guilty pleas at docket Nos. 4350-1996, 586-1997, and 1947-1998; and he attacked the legality of his sentence at docket No. 385-2002. These claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii), (vii) (recognizing challenges under PCRA to validity of guilty plea and legality of sentence). Thus, the court properly treated Appellant's prayer for relief as a PCRA petition. *See*

***Peterkin, supra***.   Appellant contends he is entitled to collateral relief because he is currently serving a federal sentence in an unrelated case and was designated a "career offender" in that case as a result of his state convictions, which enhanced his federal sentence.   Significantly, however, Appellant concedes he is no longer serving a sentence at any of the referenced state dockets.   Consequently, Appellant is ineligible for PCRA relief.   ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i); ***Williams, supra***.   Further, the court's failure to appoint counsel for Appellant where he is ineligible for PCRA relief amounts to harmless error.[1]   ***See Hart, supra***.   Accordingly, we affirm.[2]

Order affirmed.

_____

[1] The PCRA court's failure to issue appropriate notice per Pa.R.Crim.P. 907 similarly amounts to harmless error under these circumstances and does not require a remand.  ***See generally Hart, supra***.

[2] The order denying PCRA relief lists only docket No. 385-2002.   We direct the York County Clerk of Courts to enter the court's order denying PCRA relief at each of the relevant dockets.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2017</u>