J-S09041-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM GRECO | : | |
| | : | |
| Appellant | : | No. 1312 MDA 2017 |

Appeal from the PCRA Order July 24, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000734-2011,
CP-35-CR-0000797-2011

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:             **FILED MARCH 13, 2018**

Appellant, William Greco, appeals from the order entered in the Lackawanna County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On July 8, 2011, Appellant entered an open guilty plea to possession with intent to deliver ("PWID") at CP-35-CR-0000734-2011, and harassment at CP-35-CR-0000797-2011.  The court sentenced Appellant on November 29, 2011, at #734-2011 to eleven to thirty-six months' imprisonment, plus two years' probation and at #797-2011 to three to twelve months' imprisonment, consecutive to the sentence at #734-2011. Appellant timely filed post-sentence motions at both dockets on December 6, 2011, which the court denied on January 4, 2012.  This Court affirmed the judgment of sentence at both dockets on August 8, 2012.

_____
*   Retired Senior Judge assigned to the Superior Court.

On January 28, 2013, Appellant timely filed a *pro se* PCRA petition at both dockets, and the court appointed counsel. Meanwhile, on January 27, 2016, the court resentenced Appellant for a violation of probation at #734-2011 to six to twelve months' imprisonment, plus one year of probation. On June 29, 2016, the court held an evidentiary hearing on Appellant's PCRA petition and denied relief on July 24, 2017. Appellant timely filed a notice of appeal on August 22, 2017. On September 11, 2017, the PCRA court ordered a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied on October 2, 2017. On January 18, 2018, Appellant's maximum sentence at these dockets expired.

To be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). When supervision ends, the petitioner is no longer eligible for PCRA relief, regardless of when he filed the petition. **Commonwealth v. Ahlborn**, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997); **Commonwealth v. Hart**, 911 A.2d 939 (Pa.Super. 2006). Instantly, Section 9543(a)(1)(i) makes clear Appellant is ineligible for PCRA relief, as he is no longer serving any sentence for his 2011 convictions. **See Ahlborn, supra**; **Hart, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2018