J-A27043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL ALLEN DUBS | : | |
| | : | |
| Appellant | : | No. 817 MDA 2024 |

Appeal from the PCRA Order Entered May 30, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000769-2011

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:           **FILED: MARCH 26, 2025**

Daryl Allen Dubs appeals *pro se* from the dismissal of his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Because Dubs is no longer serving a sentence in this case, we affirm the order dismissing the petition.

The PCRA court aptly summarized the procedural history of this case as follows:

> On February 27, 2012, [Dubs] pled guilty to Terroristic Threats, in violation of 18 Pa.C.S. Section 2706(a)(1). On March 27, 2012, he was sentenced pursuant to a negotiated plea agreement in two separate cases. [Dubs'] sentence in this case was three years of probation, which was to run consecutively to his sentence in CR-890-2011 of 6 to 23 months partial confinement at Adams County Adult Correctional Complex ("ACACC").
>
> On June 27, 2013, [Dubs'] sentence in this case was revoked. He was resentenced to three years['] probation running consecutively to his sentence imposed in CR-890-2011. On February 18, 2014, while [Dubs] was still serving

his sentence in CR-890-2011, [Dubs'] sentence in this case was again revoked. Pursuant to agreement, [Dubs] was resentenced to 1 to 5 years in a State Correctional Institution ("SCI"), which was to run concurrently with the ba[ck] time to be served in CR-890-2011. [Dubs] did not directly appeal either of his revocation sentences in this case.

On October 3, 2014, [Dubs] filed his first PCRA petition, raising, *inter alia*, the issue of anticipatory revocation of a probationary sentence, which th[e] [c]ourt dismissed on February 4, 2015, after [Dubs] did not respond to [a] January 13, 2015 Notice of Intent to Dismiss Defendant's PCRA Petition. [Dubs] did not appeal the dismissal of his PCRA petition.

Notice of Intent to Dismiss Defendant's PCRA Petition ("Notice"), filed 5/10/24, at 1-2 (footnote omitted).

Dubs filed the instant PCRA petition in May 2024. The court issued notice of its intent to dismiss the petition and Dubs filed a response. The court dismissed the petition, and this timely appeal followed.

Dubs raises the following claims:

- Whether the trial court erred in not finding [Dubs] met exception under 42 Pa. C.S. §9545(b)(i),(ii),(iii)?

- Whether the trial court erred in finding [the instant petition] untimely even though he met exceptions under 42 Pa. C.S. §9545(b)(1)(i),(ii),(iii)?

- Whether the trial court erred in declaring [Dubs] inelig[i]ble for relief by way of P.C.R.A.?

- Whether the trial Court erred in determining not to give retroactive effect of the ruling in [**Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023)]?

- Whether the trial Court erred in claim of lack of jurisdiction?

Dubs' Br. at 3. We do not address Dubs' claims since he is no longer eligible for PCRA relief.

When reviewing an order denying a PCRA petition, we examine "whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (citation omitted).

A petitioner is eligible for PCRA relief if he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). In other words, "as soon as [the petitioner's] sentence is completed, the petitioner becomes ineligible for relief[.]" *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009) (quoting *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa.Super. 2006)).

Here, Dubs admits that he "is not currently serving the sentence in which relief is sought[,] [a]s CR-769-2011 sentence term has expired." Dubs' Br. at 8. The PCRA court concluded the same and denied the petition on that basis. *See* Opinion Pursuant to Pa.R.A.P. 1925(a), filed 7/9/24, at 1; Notice at 7. The court's conclusion is supported by the record. In February 2014, the court resentenced Dubs to one to five years' incarceration. Dubs completed the sentence in 2019. As such, the instant petition, filed after he completed the sentence in this case, warranted no relief. 42 Pa.C.S.A. § 9543(a)(1)(i); *Williams*, 977 A.2d at 1177. We affirm the order dismissing Dubs' petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025