J-S63042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KAREEM ALI GARRETT | |
| Appellant | No. 1684 EDA 2015 |

Appeal from the PCRA Order April 14, 2015
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0001998-2013

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:　　　　**FILED DECEMBER 16, 2016**

Appellant, Kareem Ali Garrett, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition. This Court previously remanded this matter for a determination as to whether Appellant is currently serving a sentence of imprisonment, probation, or parole for the crimes he committed. The PCRA court has supplemented the record with a letter it received from the Delaware County Adult Probation and Parole Services indicating Appellant's maximum sentence in the above captioned case expired on March 12, 2015. We conclude Appellant has not established his eligibility for PCRA relief and affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S §§ 9541-9546.

The PCRA court summarized the relevant facts and procedural history as follows:

On August 20, 2013, [Appellant] entered a negotiated guilty plea to [d]efiant [t]respass and one count of [h]arassment and was sentenced to a term of 6 to 12 months[' imprisonment] followed by 1 year of probation. On August 21, 2014 [Appellant] filed a timely [PCRA] petition alleging (1) ineffective assistance of counsel, (2) that his guilty plea was unlawfully induced, and (3) newly-discovered evidence.

The [PCRA court] appointed counsel, Stephen D. Molineux, Esq., to review [Appellant's] PCRA petition. Pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)] , counsel submitted a "No Merit" letter after determining [Appellant's] PCRA petition was meritless and filed a Motion to Withdraw As Counsel. This Court dismissed [Appellant's] PCRA petition without holding an evidentiary hearing and granted Mr. Molineux's Withdrawal Motion. [Appellant] filed a timely Notice of Appeal and Concise Statement of Matters complained of on Appeal in compliance with Pa.R.A.P. 1925(b).

Trial Ct. Op., 7/31/15, at 1-2.

On October 26, 2016, this Court remanded the matter for a determination of whether Appellant was still serving his sentence. In response, the PCRA court supplemented the record with a letter, dated November 1, 2016, from Thomas Hart, a pre-parole investigator with the county's probation and parole department. The letter, in full, stated, "Please be advised that the maximum on docket 1998-13 expired on 3/12/15 and the case was closed while [Appellant] was incarcerated at the SCI Houtzdale serving a sentence under docket 3224-09." Letter, 11/1/16.

Pursuant to the PCRA, a petitioner must "at the time relief is granted" be "currently serving a sentence of imprisonment, probation or parole for the crime" or waiting to serve the disputed sentence. 42 Pa.C.S. § 9543(a)(1)(i), (iii). Further, as soon as a petitioner's sentence is complete, he becomes ineligible for relief, regardless of whether he was serving his sentence at the time he filed his PCRA petition. **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006). Indeed, our Supreme Court has held that to grant relief at a time when a petitioner is not currently serving a sentence would ignore the plain language of the statute. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997). Accordingly, if a petitioner is no longer serving or waiting to serve a sentence for the crimes at issue, our Courts lack jurisdiction and the petitioner's PCRA petition must be dismissed. **Id.**

In this case, Appellant was convicted in August 2013 and sentenced to serve a term of six to twelve months' imprisonment followed by one year of probation. We note that in his initial PCRA petition Appellant indicated that his sentence was to commence on August 20, 2013, but did not designate whether he was currently serving, or waiting to serve, his sentence. Appellant's Mot. for Post Conviction Collateral Relief, 8/21/14, at 2. Moreover, Appellant's brief was not mailed from a prison. **See** Certificate of Service, 3/11/16, to Appellant's Brief (identifying address).

Thus, Appellant has not established he was still serving his sentence, and the record compiled by the PCRA court suggests that Appellant's sentence expired during the litigation of the instant PCRA petition. Therefore, we conclude Appellant failed to prove a threshold requirement of eligibility for relief under the PCRA and affirm on that basis. *See* 42 Pa.C.S. § 9543(a)(1)(i), (iii); *Ahlborn*, 699 A.2d at 720; *Hart*, 911 A.2d at 942; *see also Commonwealth v. Beck*, 848 A.2d 987, 991 n.8 (Pa. Super. 2004) ("we may affirm the decision of denial [of PCRA relief] if it is correct on any basis").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016