J-S79024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
                        :

            v.                    :

SAVOY S. ROBINSON            :

           Appellant        :     No. 2281 EDA 2017

Appeal from the PCRA Order June 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0807931-2004

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:            **FILED JANUARY 23, 2018**

Savoy S. Robinson appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).  Upon careful review, we affirm.

On April 13, 2005, Robinson was sentenced to life imprisonment, plus 2½ to 5 years, after a jury found him guilty of first-degree murder and possession of an instrument of crime in relation to the shooting death of a fellow halfway house resident in July 2004.  Robinson's judgment of sentence was affirmed by this Court, and our Supreme Court denied allowance of appeal on May 15, 2007.  Robinson subsequently filed four PCRA petitions, which were either dismissed or withdrawn.  Robinson filed the instant petition, his fifth, on April 5, 2017, in which he invoked the newly-discovered fact and newly-recognized constitutional right exceptions to the PCRA timeliness

requirements. Specifically, Robinson asserted that on March 31, 2017, he discovered that the trial court and the Commonwealth had "encroached on the powers of the Legislative Branch by rewriting and changing the provisions of 42 Pa.C.S.A. § 9711[ s]entencing procedure for murder of the first degree[, t]hus[] arbitrarily creating an unconstitutional sentencing statute[.]" Amended PCRA Petition, 5/15/17, at 5. By order dated June 23, 2017, the PCRA court dismissed Robinson's petition as untimely. This timely appeal follows, in which Robinson asserts that the PCRA court erred in dismissing his petition as untimely and failing to find that he had satisfied one of the exceptions to the time bar.

This court's standard of reviewing an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error. **Commonwealth v. Hart**, 911 A.2d 939, 941 (Pa. Super. 2006) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition[1] is met, and that the claim was raised within 60

---

[1] The statutory exceptions to the time bar are as follows:

days of the date on which it became available. 42 Pa.C.S.A. § 9545(b) and (c). The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. 2013), quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Here, Robinson's judgment of sentence became final on or about August 15, 2007, upon the expiration of the ninety-day period for filing a writ of certiorari with the U.S. Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, his April 2017 petition, filed nearly ten years after his judgment of sentence became final, was patently untimely. Unless Robinson pled and proved one of the timeliness exceptions under 42 Pa.C.S.A.

───────────────────────────

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

§ 9545(b)(1), the PCRA court was without jurisdiction to consider the merits of the petition.

Robinson invokes both the newly-discovered facts and newly-recognized constitutional right exceptions to the PCRA time bar. Essentially, Robinson asserts that the trial court and Commonwealth encroached on the province of the jury by not allowing it to consider imposing the death penalty in violation of 42 Pa.C.S.A. § 9711, which requires that the jury determine whether a defendant convicted of first-degree murder shall be imprisoned for life or sentenced to death. Robinson asserts that he discovered this fact on March 31, 2017, and that he did so with due diligence pursuant to **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015), in which we held that, when assessing due diligence under the PCRA, the presumption of access to information available in the public domain does not apply to *pro se* petitioners. Robinson is entitled to no relief.

Robinson claims that the trial court and Commonwealth "rewrote" and "changed" the provisions of section 9711 at the time of his trial. However, a statute in existence at the time of Robinson's trial is not a "new fact" within the meaning of the PCRA. **See Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011) (subsequent court decision not "new fact" for purposes of PCRA timeliness exception). Moreover, Robinson is unable to explain why he was unable to "discover" section 9711 until March 31, 2017. Instead, he places mistaken reliance on **Burton**, in which a *pro se* PCRA petitioner discovered an exculpatory confession made by a co-defendant more than 15 years after his

trial, at a time when the petitioner was no longer represented by counsel. Conversely, here, Robinson was represented by counsel at the time of trial, at which time he could have discovered the existence of section 9711.

Because Robinson failed to plead and prove any exception to the time bar, the PCRA court did not err in dismissing his patently untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/18