**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GABRIEL YAAK MANYIEL, | : | |
| | : | No. 1405 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order August 9, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0005925-2014

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY PLATT, J.:          **FILED APRIL 18, 2018**

Appellant, Gabriel Yaak Manyiel, appeals from the order of August 9, 2017, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.[1]

On March 19, 2015, Appellant entered a negotiated guilty plea to one count of simple assault.  The trial court sentenced Appellant to the agreed-upon sentence of twenty-four months of county probation.  On September 24, 2015, the trial court modified the sentence and directed Appellant to serve the remainder of his sentence on unsupervised probation.  Appellant did not file a direct appeal.  Appellant's sentence has since expired.  (**See** Order,

---

[1] Appellant has filed an application for correction of the original record. Because of our disposition of this matter, we hereby deny the motion as moot.

---

*   Retired Senior Judge assigned to the Superior Court.

8/09/17 at unnumbered page 1; Trial Court Opinion, 10/31/17 at unnumbered page 1).

On July 28, 2017, Appellant filed a *pro se* PCRA petition. The PCRA court did not appoint counsel to represent Appellant or give notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the petition. Instead, on August 9, 2017, the PCRA court dismissed the petition stating that Appellant was "no longer serving a sentence of imprisonment, probation or parole" in this case. (Order, 8/09/17). Appellant filed a timely, *pro se* notice of appeal on September 7, 2017. On September 20, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Having received no response from Appellant, the PCRA court filed an opinion on October 31, 2017. **See** Pa.R.A.P. 1925(a). On November 13, 2017, without receiving leave of court, Appellant filed an untimely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).[2]

To be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). When supervision ends, the petitioner is no longer

---

[2] Ordinarily, such an omission would be fatal, because failure to timely comply when ordered by the trial court to file a 1925(b) statement results in automatic waiver. **See Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). However, we decline to find waiver in the instant case because it appears that Appellant may not have been properly served with the trial court's order. (**See** Letter from Appellant, 11/09/17).

eligible for PCRA relief, regardless of when he filed the petition. **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006). Here, Section 9543(a)(1)(i) makes clear that Appellant is ineligible for PCRA relief, as he is no longer serving any sentence for his 2015 conviction. **See Ahlborn**, **supra** at 720; **Hart**, **supra** at 942. Accordingly, we affirm.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/18/18

---

[3] While we would ordinarily remand this matter for appointment of counsel pursuant to Pennsylvania Rule of Criminal Procedure 904, and for compliance with Pennsylvania Rule of Criminal Procedure 907, this Court has held that it is unnecessary to remand cases where the appellant is no longer serving a sentence because such a remand would be futile. **See Hart**, **supra** at 942.