J-S36036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH P. PRATHER | : | |
| | : | |
| Appellant | : | No. 1661 EDA 2017 |

Appeal from the PCRA Order May 9, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0202711-1995

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 18, 2018**

Appellant, Joseph P. Prather, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his first petition brought pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On February 5, 1996, Appellant entered into a negotiated guilty plea to one count each of aggravated indecent assault, unlawful restraint, and corruption of minors.  The court sentenced Appellant the same day to an aggregate term of 10 to 20 years' incarceration, with a provision for credit for time served.[1]  Appellant timely filed a post-sentence

---

[1] Notwithstanding the misstatements in Appellant's brief and in the PCRA court's opinion, the certified record makes clear Appellant received 5 to 10 years on the aggravated indecent assault, a consecutive 2½ to 5 years on the unlawful restraint, and another 2½ to 5 years on the corruption of minors, consecutive to the unlawful restraint sentence, for an aggregate sentence of 10 to 20 years.

motion to withdraw his plea, on or about February 16, 1996, which the court ultimately denied on July 15, 1996, after a hearing. Appellant sought no further review.

On November 17, 2014, Appellant filed his first and current PCRA petition. The court appointed counsel who filed a **Turner/Finley**[2] "no-merit" letter on February 21, 2017, and a petition to withdraw as counsel on April 5, 2017. The court issued notice on April 5, 2017, of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907; Appellant filed a *pro se* response to the notice on April 21, 2017. On May 9, 2017, the court granted counsel leave to withdraw and dismissed Appellant's petition. Appellant timely filed a *pro se* notice of appeal on May 17, 2017. The PCRA court ordered Appellant on May 25, 2017, to file a concise statement of errors complained of on appeal; Appellant timely complied on June 6, 2017.

On appeal, Appellant raises two issues, challenging the PCRA court's decision to dismiss Appellant's petition as untimely without granting relief on his purported illegal sentence. (**See** Appellant's Brief at 2).

As a prefatory matter, to be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue "at the time relief is granted." 42 Pa.C.S.A. § 9543(a)(1)(i). When supervision ends, the petitioner no longer qualifies for PCRA relief,

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

regardless of when he filed the petition. ***Commonwealth v. Ahlborn****,* 548 Pa. 544, 548, 699 A.2d 718, 720 (1997); ***Commonwealth v. Hart***, 911 A.2d 939 (Pa.Super. 2006). In other words, "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010). Granting PCRA relief when the petitioner is no longer serving the relevant sentence would ignore the language of the statute. ***Ahlborn, supra***; 42 Pa.C.S.A. § 9543(a)(1)(i). ***See also Commonwealth v. Descardes***, 635 Pa. 395, 136 A.3d 493 (2016) (holding petitioner was no longer serving sentence, so he was ineligible for PCRA relief; petitioner's ineligibility deprived court of jurisdiction to entertain petition).

Instantly, the court sentenced Appellant on February 5, 1996, and denied his motion to withdraw his plea on July 15, 1996. Appellant sought no direct appeal, so the judgment of sentence became final on August 14, 1996, when the thirty-day, direct-appeal period expired. ***See*** Pa.R.A.P. 903(a). Appellant filed his current PCRA petition on November 17, 2014, which is patently untimely and without exception.[3] ***See*** 42 Pa.C.S.A. § 9545(b). As

---

[3] ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) does not apply retroactively on collateral review to sentences, like Appellant's, which became final before ***Alleyne*** was decided. ***See Commonwealth v. Washington***, 636 Pa. 301, 142 A.3d 810 (2016) (holding same). Likewise, ***Alleyne*** does not currently serve as an exception to the

important, the record indicates Appellant is no longer serving the sentence for his 1996 convictions, which expired at the latest in February 2016. Thus, Appellant is now ineligible for PCRA relief, even if he filed his petition in 2014, before his sentence had expired. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Descardes, supra*; *Ahlborn, supra*; *Hart, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/18

_____

PCRA time-bar. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding petitioner cannot use *Alleyne* to satisfy "new constitutional right" exception to PCRA timeliness requirements).