J. S06037/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :         PENNSYLVANIA
             v.            :
                    :
DANILO DeJESUS,           :         No. 1877 EDA 2019
                    :
         Appellant       :

Appeal from the Order Entered June 19, 2019,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0004319-2014

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         Filed: March 18, 2020

Danilo DeJesus appeals **pro se** from the June 19, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case are not necessary to our disposition on appeal and need not be reiterated here.  The pertinent procedural history of this case, as gleaned from the certified record, is as follows:  On May 22, 2015, a jury found appellant guilty of two counts of possession with intent to deliver a controlled substance and one count each of possession of a controlled substance and criminal conspiracy.[1]  On June 23, 2015, the trial court sentenced appellant to an aggregate term of 5 years and 10 months to

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and 18 Pa.C.S.A. § 903(c), respectively.

20 years' imprisonment. On August 3, 2016, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on January 31, 2017. *See Commonwealth v. DeJesus*, 156 A.3d 327 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 165 A.3d 900 (Pa. 2017). Appellant did not file a petition for writ of *certiorari* with the Supreme Court of the United States.

On May 16, 2017, appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel[2] to represent him. PCRA counsel subsequently filed a "no merit" letter and petition to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Following a hearing, the PCRA court granted PCRA counsel permission to withdraw on September 27, 2017. On November 15, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on December 1, 2017, requesting various transcripts. Thereafter, on January 2, 2018, the PCRA court dismissed appellant's petition without a hearing.

---

[2] The PCRA court initially appointed Matthew J. Rapa, Esq., to represent appellant, but upon notification from Attorney Rapa that he previously represented appellant's co-defendant, the PCRA court appointed Alfred Stirba, IV, Esq. (hereinafter, "PCRA counsel").

On December 24, 2018, a panel of this court reversed the PCRA court's order and remanded with instructions that the PCRA court provide appellant with copies of his requested transcripts. **See Commonwealth v. DeJesus**, 203 A.3d 343 (Pa.Super. 2018) (unpublished memorandum at *3). The PCRA court subsequently provided appellant with the aforementioned transcripts and filed its Rule 907 notice of its intention to dismiss his petition on January 4, 2019. Appellant filed a **pro se** response to the PCRA court's Rule 907 notice on February 7, 2019, reiterating the claims he raised in his PCRA petition. Thereafter, on June 19, 2019, the PCRA court dismissed appellant's petition without a hearing. This timely appeal followed.[3]

Appellant raises the following issue for our review:

> Did the PCRA Court err in dismissing and denying [appellant's] PCRA petition was [sic] without merit?

Appellant's brief at 1.[4]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants

---

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). The PCRA court filed an opinion in support of its order denying appellant's petition on June 19, 2019.

[4] We note that a portion of appellant's **pro se** brief does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before [us] in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). Additionally, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant . . . any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa.Super. 2018) (citations omitted), ***appeal denied***, 217 A.3d 793 (Pa. 2019).

Although not presented in his statement of questions involved, the crux of appellant's first argument on appeal is that his PCRA counsel rendered ineffective assistance in failing to argue that his trial counsel[5] was ineffective for: failing to file a motion to suppress contraband found in the trunk of a vehicle in which appellant was a passenger; failing to properly challenge

---

[5] Robert Lang, Esq., represented appellant at trial.

appellant's co-defendants during cross-examination and argue his actual innocence; failing to introduce evidence that appellant's co-defendant perjured himself; and failing to properly object to the testimony of a confidential informant. (Appellant's brief at 2-3; *see also* "Response to Notice of Intent to Dismiss," 2/7/19 at 1-14.)

Generally, to plead and prove ineffective assistance of counsel, a petitioner must establish "first that the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [he] was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014). Where petitioner raises a layered ineffectiveness claim, as is the case here, "he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa.Super. 2012) (citations omitted), *appeal denied*, 64 A.3d 631 (Pa. 2013).

> In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Id.* (citations, internal quotation marks, and brackets omitted).

Here, the record reflects that appellant's brief fails to discuss or even cite the three-pronged ineffectiveness test. This court has long recognized that "an underdeveloped argument, which fails to meaningfully discuss and

apply the standard governing the review of ineffectiveness claims, simply does not satisfy [a]ppellant's burden of establishing that he is entitled to relief." *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001). The record further reflects that appellant's brief is devoid of any citations to relevant legal authority and makes only scant reference to the notes of testimony, in violation of Pa.R.A.P. 2119(b) and (c). Accordingly, we find that appellant's layered ineffectiveness claims are not properly developed and are waived. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009) (finding claim waived where appellant's argument is underdeveloped and fails to develop argument supported by legal authority), *appeal denied*, 3 A.3d 670 (Pa. 2010).

We now turn to appellant's bald contention that the PCRA court erred in dismissing his petition without conducting an evidentiary hearing. (*See* appellant's brief at 4.) We disagree. This court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). Rather, "[i]t is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Wah*, 42 A.3d at 338 (citations omitted).

To the extent appellant challenges, albeit parenthetically, the weight of the evidence supporting his convictions (*see* appellant's brief 6-7), we note that this claim is not cognizable on collateral review.

It is well settled that allegations of error that have been either previously litigated or waived are not cognizable under the PCRA. ***Commonwealth v. Spotz***, 47 A.3d 63, 101 (Pa. 2012); ***see also*** 42 Pa.C.S.A. § 9543(a)(3). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2). "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." ***Commonwealth v. Roane***, 142 A.3d 79, 94 (Pa.Super. 2016) (citations omitted).

Here, appellant previously challenged the weight of the evidence on direct appeal, and a panel of this court found this claim devoid of merit. ***See Commonwealth v. DeJesus***, 156 A.3d 327 (Pa.Super. 2016) (unpublished memorandum at *3-4), ***appeal denied***, 165 A.3d 900 (Pa. 2017). Accordingly, appellant is not entitled to relief on this issue.

Likewise, appellant's contention that the sentencing court failed to consider various mitigating factors in fashioning his sentence (***see*** appellant's brief at 5) is a discretionary sentencing claim and is not cognizable under the PCRA. ***See Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa.Super. 2007) (stating, "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." (citation omitted)), ***appeal denied***, 944 A.2d 756 (Pa. 2008).

For all the foregoing reasons, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing.

Order affirmed.

Lazarus, J. joins this Memorandum.

McLaughlin, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/20