J. A17037/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JAMAR STAMPS, : No. 1902 EDA 2019
:
Appellant :

Appeal from the PCRA Order Entered May 3, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0010438-2009,
CP-51-CR-0010439-2009, CP-51-CR-0010440-2009

BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 26, 2020**

Jamar Stamps appeals *pro se* from the May 3, 2019 order dismissing as untimely his third petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we remand for an evidentiary hearing on the limited issue of whether appellant requested PCRA counsel to seek *allocatur* following this court's denial of his first PCRA petition, and affirm the PCRA court's order in all other respects.

The PCRA court set forth the lengthy factual history of this case in its August 13, 2019 opinion, and we need not reiterate it here. (*See* PCRA court opinion, 8/13/19 at 2-8.) The relevant procedural history of this case is as follows:

> On May 4, 2010, a jury convicted [appellant] of attempted murder, conspiracy, aggravated assault,

violating Section 6106 of the Uniform Firearms Act (VUFA), possession of an instrument of crime, criminal trespass, and fleeing or attempting to elude police.[1] In a subsequent bench trial, th[e trial] court found him guilty of violating Section 6105 of the Uniform Firearms Act.[2] On July 12, 2010, [appellant] was sentenced to an aggregate imprisonment term of forty and one-half (40.5) to eighty-one (81) years.

On November 17, 2010, post-sentence motions were denied. [Appellant] then filed his notice of appeal on November 23, 2010. On November 29, 2010, [appellant] was ordered to file a statement of matters complained of on appeal. This statement was filed on February 15, 2011, and th[e trial] court issued an opinion on June 9, 2011. On March 15, 2012, the Superior Court vacated the conviction for fleeing or attempting to allude police and vacated the sentence for aggravated assault[, and affirmed appellant's judgment of sentence in all other respects.] [*See Commonwealth v. Stamps*, 47 A.3d 1244 (Pa.Super. 2012), *appeal denied*, 49 A.3d 443 (Pa. 2012).] On July 25, 2012, the Supreme Court denied his petition for allowance of appeal. [*Id.*]

[Appellant] filed a *pro se* petition under the [PCRA] on June 28, 2013. Peter Alan Levin, Esquire, was appointed and entered his appearance on March 26, 2014. An amended petition was filed on March 5, 2015. Thereafter, Craig Mitchell Cooley, Esquire, entered his appearance on July 3, 2015, and filed an amended petition on December 7, 2015. Th[e PCRA] court issued a notice of intent to dismiss the petition, pursuant to Pa.R.Crim.P. 907, on January 22, 2016, and formally dismissed [appellant's] petition on March 4, 2016. [Appellant] filed a notice of appeal on April 1, 2016. On March 8, 2017, th[e PCRA] court ordered [appellant] to file a statement of matters complained of on appeal pursuant to

---

1 18 Pa.C.S.A. §§ 901(a), 903(a)(1), 2702(a), 6106(a)(1), 907(a), 3503(a), and 75 Pa.C.S.A. § 3733(a), respectively.

2 18 Pa.C.S.A. § 6105(a)(1).

> Pa.R.A.P. 1925(b), and [appellant] filed said statement on March 28, 2017. On May 3, 2017, th[e PCRA] court issued an opinion.
>
> [Appellant] filed a subsequent PCRA petition on January 29, 2018. Th[e PCRA] court issued a [Rule 907 notice] on April 6, 2018. On May 11, 2018, th[e PCRA] court formally dismissed the petition as premature, as the first PCRA petition was still on appeal. The Superior Court later affirmed the dismissal of the first petition on June 22, 2018. [**See Commonwealth v. Stamps**, 193 A.3d 1094 (Pa.Super. 2018)]. [Appellant did not seek allowance of appeal with our supreme court.]

***Id.*** at 1-2.

Appellant filed the instant ***pro se*** PCRA petition, his third, on October 1, 2018. On March 22, 2019, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Rule 907(1). Appellant filed a ***pro se*** response to the Rule 907 notice on April 9, 2019, alleging after-discovered evidence and arguing, ***inter alia***, that his instant PCRA petition should be considered his second petition. (**See** "**Pro Se Response to Notice of Intent to Dismiss,**" 4/9/19 at §§ 1, 4.) Thereafter, on May 3, 2019, the PCRA court formally dismissed appellant's petition without an evidentiary hearing. On May 23, 2019, appellant filed a single, timely ***pro se*** notice of appeal listing multiple docket numbers.[3]

---

[3] The record reflects that the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on June 19, 2019. Appellant timely complied and the PCRA court filed its Rule 1925(a) opinion on August 13, 2019.

On January 28, 2020, we issued an order directing appellant to show cause why his appeal should not be quashed pursuant to our supreme court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response on February 5, 2020, and this court discharged the rule to show cause, referring the issue to the merits panel.

Prior to consideration of appellant's claims on appeal, we must first address whether his notice of appeal complied with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and **Walker**. In **Walker**, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. **Id.** at 971, 976-977. The **Walker** court applied its holding prospectively to any notices of appeal filed after June 1, 2018. In the instant case, appellant's notice of appeal was filed on May 23, 2019, and therefore, the **Walker** mandate applies. The appeal was of a single order resolving issues arising on multiple docket numbers. A review of the record demonstrates that appellant filed a single notice of appeal listing three docket numbers in violation of our supreme court's mandate in **Walker**.

However, our inquiry cannot end here. A recent **en banc** panel of this court held that we may overlook the requirements set forth in **Walker** in cases where a breakdown in the court system occurs. **Commonwealth v. Larkin**, ___ A.3d ___, 2020 WL 3869710 at *3 (Pa.Super. July 9, 2020)

(*en banc*); *see also Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019). The panels in both *Larkin* and *Stansbury* held that a breakdown in the court system included instances in which the trial or PCRA court provides appellant with misinformation. *Larkin*, 2020 WL 3869710 at *3; *Stansbury*, 219 A.3d at 160.

Here, our review of the record reveals a breakdown in the court system similar to the scenarios presented in *Larkin* and *Stansbury*. In its order dismissing appellant's PCRA petition as untimely, the PCRA court instructed appellant that "he has thirty (30) days from the date of this Order within which to file **an appeal**." (PCRA court order, 5/3/19 at n.1 (emphasis added).) At no point did the PCRA court notify *pro se* appellant that he was required to comply with the mandates of *Walker*. Accordingly, we will overlook the requirements of *Walker* and will proceed to consider appellant's issues on the merits.

Appellant raises the following issues for our review:

    I.    Whether the PCRA court erred in finding appellant's instant PCRA petition is untimely filed under the purview of 42 Pa.C.S.[A.] § 9545(b)(1)(ii)?

    II.    Whether the PCRA court erred in not finding appellant was entitled to the reinstatement of his PCRA appellate rights *nunc pro tunc* as a result of PCRA counsel's abandonment of appellant and failure to seek discretionary review with the Pennsylvania Supreme Court?

    III.    Whether the PCRA court erred in not finding that appellant's newly discovered evidence

constitutes "after[-]discovered evidence," entitling appellant to a new trial, as he has met the requirements of 42 Pa.C.S.[A.] § 9543(a)(2)(iv)?

IV. Whether the PCRA court erred in denying appellant's PCRA petition without a hearing, where [appellant] presented claims that raised material issues of fact not contained in the record, requiring a hearing pursuant to Pa.R.Crim.P. 908?

Appellant's brief at 4-5 (extraneous capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

**Issues I, III, & IV**

Appellant first argues that "the PCRA court erred in finding appellant's instant PCRA petition is untimely filed under the purview of [Section] 9545(b)(1)(ii)[.]" (Appellant's brief at 4.)

We consider the timeliness of appellant's PCRA petition because it implicates the authority of this court to grant any relief. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on October 23, 2012, 90 days after our supreme court denied ***allocatur*** and the time for filing a petition for writ of ***certiorari*** in the Supreme Court of the United States expired. ***See id.***; U.S. S.Ct. R. 13(1). Accordingly, appellant had until October 23, 2013, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, his third, was filed on October 1, 2018, nearly 6 years after his judgment of sentence became final, and is patently untimely. Accordingly, appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of

the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, appellant invokes the "after-discovered evidence" exception set forth in Section 9545(b)(1)(ii) and argues that he is entitled to a new trial based upon an affidavit he received on January 5, 2018, wherein an individual identified as "[Kailif] Pope explained that he witness [sic] the whole event" and saw another individual shoot the victim. (Appellant's brief at 24, 28-31.)

To be eligible for relief on a claim of after-discovered evidence, a PCRA petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). To evaluate such a claim,

[an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable

- 8 -

diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa.Super. 2012) (citation omitted).

Here, the record supports the PCRA court's conclusion that appellant failed to satisfy the "after-discovered evidence" exception set forth in Section 9545(b)(1)(ii). Specifically, the PCRA court found that appellant's after-discovered evidence claim was meritless, noting that he failed to identify in his petition the purported "after-discovered evidence" with any specificity. (***See*** PCRA court opinion, 8/13/19 at 12.) We agree. The record reflects that despite the fact that Pope's affidavit is quoted throughout appellant's ***pro se*** brief, his October 1, 2018 PCRA petition makes no mention of after-discovered evidence, eyewitness Pope, nor his alleged exculpatory testimony. Appellant also failed to attach Pope's affidavit to his petition. "It is it is well-settled that claims raised outside of a court-authorized PCRA petition are subject to waiver regardless of whether the Commonwealth raises a timely and specific objection to them at the time they are raised." ***Commonwealth v. Mason***, 130 A.3d 601, 627 (Pa. 2015) (internal citation omitted).

Appellant also baldly contends that the PCRA court committed reversible error by dismissing his PCRA petition without conducting an evidentiary hearing on this claim. (***See*** appellant's brief at 31-34.) However, this court has long recognized that there is no absolute right to an evidentiary hearing.

*See Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted). As discussed, the PCRA court properly found that appellant's after-discovered evidence claim was under-developed and devoid of "sufficient detail to indicate how his rights were violated." (PCRA court opinion, 8/13/19 at 12.) Accordingly, we discern no error on the part of the PCRA court in concluding that appellant failed to prove the "after-discovered evidence" exception to PCRA time-bar, and dismissing appellant's petition without an evidentiary hearing.

**Issue II**

We now turn to appellant's final claim that PCRA counsel abandoned him by failing to seek *allocatur* with our supreme court following this court's denial of his first PCRA petition. (Appellant's brief at 17.)

In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), our supreme court recognized that in limited situations where counsel's ineffective assistance was tantamount to abandoning his client on appeal, the petitioner's discovery of counsel's alleged ineffectiveness might form the basis of a Section 9545(b)(1)(ii) exception to the PCRA time-bar. Specifically, the *Bennett* court held **that counsel constructively abandons a defendant when he fails to file a requested appeal,** and that such abandonment is ***per se***

prejudicial for purposes of evaluating the constitutional effectiveness of counsel. *Id.* at 1273-1274 (emphasis added).

Citing appellant's reliance on *Bennett*, the Commonwealth indicates that it is not opposed to this matter being remanded for an evidentiary hearing on whether appellant asked his PCRA counsel to seek review with our supreme court. (*See* Commonwealth's brief at 16-17.) The PCRA court, in turn, indicates that if appellant requested PCRA counsel file a petition for *allocatur* and counsel failed to do so, then an evidentiary hearing is warranted. (*See* PCRA court opinion, 8/13/19 at 11-12.)

Accordingly, based on the foregoing, we remand this matter for an evidentiary hearing on the limited issue of whether appellant requested PCRA counsel to seek *allocatur* following this court's denial of his first PCRA petition. We affirm the May 3, 2019 order of the PCRA court in all other respects.

Order affirmed, in part. Case remanded for a limited evidentiary hearing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/20

- 11 -