J-S02010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                     :           PENNSYLVANIA
                                     :

            v.                    :

NASIO TERRENCE            :
                                       :
          Appellant       :    No. 1032 EDA 2021

Appeal from the PCRA Order Entered April 21, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001819-2018

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:         **FILED FEBRUARY 28, 2022**

Appellant, Nasio Terrence, appeals from an order entered in the Criminal Division of the Court of Common Pleas of Monroe County on April 21, 2021, which dismissed his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In addition, counsel for Appellant, Lauren E. Allu, Esquire, has applied to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm the PCRA court's order dismissing Appellant's PCRA petition and grant counsel's application to withdraw.

At the conclusion of trial in September 2019, a jury found Appellant guilty of two counts of robbery, two counts of criminal conspiracy to commit robbery, reckless endangerment, simple assault, and related offenses. On November 21, 2019, the trial court imposed an aggregate sentence of nine to

18 months of imprisonment and awarded Appellant 21 days credit for time served in the Monroe County Correctional Facility between his arrest and the time his bail was modified. Appellant did not appeal his conviction or sentence to this Court.

Because we ultimately conclude that Appellant's ineligibility for relief under the PCRA is dispositive of the matters before us, we briefly detail the facts surrounding Appellant's service of his sentence. Appellant remained incarcerated in the Monroe County Correctional Facility until he was paroled on August 4, 2020. Appellant was not released at that time, however. Instead, on August 5, 2020, Appellant was transferred to the Pike County Correctional Facility where he remained incarcerated pursuant to a detainer lodged by Immigration and Customs Enforcement ("ICE"), as Appellant is not a United States citizen. Appellant remained incarcerated in Pike County even after his sentence expired on May 1, 2021, due to the ICE Detainer. Eventually, Appellant was relocated to York County Prison and, thereafter, to the Glades County Detention Center in Moore Haven, Florida where he has remained during the pendency of this appeal.

Appellant filed a *pro se* PCRA petition and accompanying legal memorandum on February 18, 2021. The PCRA court convened a hearing on Appellant's petition on April 21, 2021. At the conclusion of that proceeding, the PCRA court denied Appellant's petition. On April 27, 2021, Appellant's counsel moved for reconsideration, which request was denied on April 28, 2021. A timely notice of appeal followed on May 7, 2021.

Before this Court, in *lieu* of an advocate's brief, counsel filed a petition to withdraw and no-merit letter pursuant to **Turner** and **Finley**. Before we consider the merits of the issues raised on appeal, we must determine whether counsel followed the required procedure, which we have summarized as follows.

> **Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (cleaned up).

We are satisfied from our review of counsel's application and no-merit letter that counsel has complied with the procedural requirements of ***Turner*** and ***Finley***. Counsel detailed her review of the case file, including potentially meritorious issues to raise on appeal. In addition, counsel explained why Appellant's petition lacked a viable path toward relief. Counsel cited pertinent authority, where appropriate, to support her conclusions and she included proof of service for both her petition and the letter to Appellant. In her August 31, 2021 letter, counsel advised Appellant of his immediate right to proceed *pro se* or with privately retained counsel. Appellant has not responded to the substance of counsel's application to withdraw and related materials. Accordingly, we proceed to consider the merits of the appeal.

Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted).

To be eligible for collateral relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). Once supervision ends, a

petitioner is no longer eligible for PCRA relief. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997). This principle applies regardless of whether collateral consequences persist because of a petitioner's conviction. ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2006).

Appellant is no longer serving a sentence for his convictions in this case. Accordingly, since Appellant is no longer eligible for collateral relief under the PCRA, there is no meritorious claim that would justify disturbing the dismissal of his petition.[1] Hence, we agree with counsel that the appeal is devoid of merit.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2022

---

[1] In view of our determination that Appellant is no longer serving a sentence and, hence, is no longer eligible for relief under the PCRA, we need not consider the PCRA court's conclusion that Appellant's petition was untimely and not subject to a timeliness exception under the statute. Based upon our review of the certified record, however, we note that we would be inclined to agree with the PCRA court that the petition in this case was untimely and that Appellant did not validly invoke one of the timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b).