J-A28012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENIO HERNANDEZ-ANDINO | : | |
| | : | |
| Appellant | : | No. 1448 EDA 2022 |

Appeal from the PCRA Order Entered May 6, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000519-2015

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED APRIL 10, 2023**

Eugenio Hernandez-Andino appeals, *pro se*, from order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. This matter returns to us following our prior remand to the PCRA court to resolve issues involving Hernandez-Andino's rule-based right to counsel during PCRA review. Hernandez-Andino again argues he was deprived of his right to counsel, and he asserts the PCRA court erred by denying his PCRA petition without a hearing. We conclude Hernandez-Andino's claims to do not entitle him to relief and affirm the PCRA court's order.

In 2017, Hernandez-Andino was convicted of first-degree murder and sentenced to life in prison. This Court affirmed Hernandez-Andino's judgment of sentence. ***See Commonwealth v. Hernandez-Andino***, 203 A.3d 307,

118 EDA 2018 (Pa. Super. filed Dec. 12, 2018) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal.

On July 22, 2019, Hernandez-Andino, *pro se*, filed a timely PCRA petition raising several ineffective assistance of counsel claims. The PCRA court appointed Matthew J. Rapa, Esquire, as PCRA counsel. Attorney Rapa did not file an amended PCRA petition on Hernandez-Andino's behalf and instead filed a motion to withdraw as counsel and a **Turner**/**Finley**[1] no-merit letter. The PCRA court granted Attorney Rapa's motion to withdraw. The PCRA court then scheduled an evidentiary hearing and ordered Attorney Rapa to turn over all materials to Hernandez-Andino. Attorney Rapa appeared at the hearing, but Hernandez-Andino represented himself. The PCRA court subsequently denied the PCRA petition.

On appeal, this Court found the PCRA court apparently took the contradictory positions that Hernandez-Andino's PCRA claims lacked merit, and that there were material issues of fact which necessitated an evidentiary hearing. We concluded that Hernandez-Andino had been deprived of his right to counsel when the PCRA court held an evidentiary hearing after permitting counsel to withdraw.[2] **See Commonwealth v. Hernandez-Andino**, 260

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] As we noted in our prior decision, the transcripts of this evidentiary hearing are not contained in the certified record.

A.3d 136, 900 EDA 2020 (Pa. Super. filed July 13, 2021) (unpublished memorandum at 5-6) ("The PCRA court's decision to allow counsel to withdraw pursuant to *Turner* and *Finley* should have signaled that it was able to conclude from the record that [Hernandez-Andino's] claims were wholly without merit, and no further proceedings were necessary. However, when the PCRA court subsequently determined that a Rule 908 hearing was warranted, [Hernandez-Andino's] right to counsel re-attached."); *see also* Pa.R.Crim.P. 908(C) ("The judge shall permit the defendant to appear in person at the hearing and shall provide the defendant an opportunity to have counsel.").

Additionally, there was no indication from the record that Hernandez-Andino wished to proceed *pro se* or that the PCRA court conducted a *Grazier*[3] hearing to determine whether he waived his right to counsel. We therefore vacated the order denying the PCRA petition and directed the PCRA court as follows:

> The PCRA court must initially determine whether [Hernandez-Andino] remains indigent and, if so, whether he desires to have counsel appointed. If [Hernandez-Andino] wishes to proceed *pro se*, the PCRA court must conduct a *Grazier* hearing. If [he] wishes to have counsel, the PCRA court must appoint new counsel and conduct a new evidentiary hearing on the claims raised in [Hernandez-Andino's] PCRA petition after counsel has had a reasonable opportunity to prepare. … The PCRA court may then rule on the merits of [Hernandez-Andino's] PCRA claims by entering a new final order.

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 3 -

***Hernandez-Andino***, 900 EDA 2020 (unpublished memorandum at 6).

Because the judge who presided over the initial PCRA proceedings retired, this matter was reassigned to a new PCRA court for remand proceedings. On July 16, 2021, the PCRA court appointed Sean Poll, Esquire, as PCRA counsel. Following a hearing, the PCRA court found that Hernandez-Andino remained indigent and directed Attorney Poll to file an amended PCRA petition or a ***Turner***/***Finley*** letter. Attorney Poll filed a motion to withdraw as counsel and a ***Turner***/***Finley*** no-merit letter. Hernandez-Andino filed a *pro se* brief in opposition, stating that he "has absolutely no intention of waiving his rule based right to counsel." Brief in Opposition, 3/11/22, at 4. The PCRA court conducted another hearing, after which it granted Attorney Poll permission to withdraw.[4]

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Hernandez-Andino's PCRA petition without a hearing. Hernandez-Andino filed a *pro se* response, again challenging Attorney Poll's withdrawal and requesting new counsel to help him litigate his PCRA petition. On May 6, 2022, the PCRA court denied Hernandez-Andino's PCRA petition. Hernandez-Andino filed a

---

[4] These transcripts are also absent from the certified record.

timely, *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[5]

Hernandez-Andino now argues that he was deprived of his right to counsel on remand because Attorney Poll withdrew from representation without amending the *pro se* PCRA petition. *See* Appellant's Brief at 7-10. Similarly, Hernandez-Andino claims Attorney Poll rendered ineffective assistance by withdrawing from representation without addressing Hernandez-Andino's *pro se* claims in an amended PCRA petition. ***See id.*** Hernandez-Andino additionally asserts the PCRA court erred by failing to hold an evidentiary hearing on his underlying challenges to trial counsel's representation. ***See id.*** at 11-12. Hernandez-Andino generally claims the failure to hold a hearing violated his due process rights. ***See id.*** at 12.

Appellate review of the denial of PCRA relief is limited to whether the court's findings of fact are supported by the record and its legal conclusions are free from error. ***See Commonwealth v. Maddrey***, 205 A.3d 323, 327

---

[5] We acknowledge that this Court's prior order did not explicitly contemplate the withdrawal of newly-appointed PCRA counsel. However, at that juncture, we had been presented with a direct conflict between the permissive withdrawal of counsel and the PCRA court's subsequent decision to hold an evidentiary hearing. Here, on the other hand, new PCRA counsel reviewed Hernandez-Andino's claims and concluded that they lack merit. The PCRA court then determined there were no issues of material fact warranting an evidentiary hearing. Hernandez-Andino was at no point forced to represent himself during the remand proceedings. Though the text of our prior order directed the PCRA court to conduct a new evidentiary hearing, we decline to require the PCRA court to conduct a new hearing under these circumstances.

(Pa. Super. 2019) (citation omitted). Moreover, a PCRA petitioner has no absolute right to an evidentiary hearing, and a PCRA court has discretion to deny a petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (citation omitted). When a PCRA court does not conduct an evidentiary hearing, an appellant must establish that he raised an issue of material fact which would entitle him to relief if resolved in his favor. *See Commonwealth v. Paddy*, 15 A.3d 431, 467 (Pa. 2011).

Our case law makes clear that a PCRA petitioner is only entitled to "an independent review of the record by competent counsel" in collateral proceedings. *Turner*, 544 A.2d at 928 (citation omitted); *see also Finley*, 550 A.2d at 215. So long as appointed counsel complies with the *Turner*/*Finley* procedure, and the PCRA court agrees with counsel's assessment that the petitioner's asserted claims are meritless, counsel will be permitted to withdraw. *See Turner*, 544 A.2d at 928-29; *see also id.* at 929 ("The same procedure should be followed at any stage of the collateral proceedings, whether in a trial or appellate court.").

Here, Attorney Poll concluded, after a thorough review of the record, that there were no meritorious issues to raise on Hernandez-Andino's behalf. *See* Motion to Withdraw, 2/17/22. Attorney Poll filed a no-merit letter identifying the claims Hernandez-Andino wished to raise and explaining why

each claim lacks merit. Satisfied with Attorney Poll's compliance with the *Turner*/*Finley* procedure, the PCRA court granted him permission to withdraw as counsel. Therefore, Hernandez-Andino's rule-based right to counsel was satisfied during the remand proceedings.

Moreover, in granting Attorney Poll's motion to withdraw, the PCRA court necessarily determined that there were no material factual disputes requiring an evidentiary hearing. Hernandez-Andino fails to articulate any remaining issues of material fact in support of his claim that he was entitled to an evidentiary hearing. *See Commonwealth v. Watkins*, 108 A.3d 692, 735 (Pa. 2014) (concluding appellant's bald assertion that his PCRA claims involved "legitimate material factual disputes" did not establish the PCRA court erred by denying his PCRA petition without a hearing); *see also Paddy*, 15 A.3d at 467.[6] Therefore, we cannot conclude the PCRA court abused its discretion by denying Hernandez-Andino's PCRA petition without a hearing.

Order affirmed.

---

[6] Hernandez-Andino also failed to fully develop his underlying ineffective assistance of counsel claims in his PCRA petition, his response to the Rule 907 notice, or his appellate brief. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) ("A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness."). Even if we were to reach the merits of his claims, we would affirm based on the PCRA court's analysis. *See* PCRA Court Opinion, 7/1/22, at 2-6 (unnumbered).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/10/2023</u>